### NOWLING v. KING, et al.

Circuit Court, Dade County.
September 2, 1953.

Edwards & Metzger, Miami, for plaintiff.

Bond & Buker, Miami, for defendants.

VINCENT C. GIBLIN, Circuit Judge.

The defendant Eleanor L. Tidwell is the owner of the real property involved in the suit. She contracted with the defendant Andrew C. King for the construction by him on the property of a two-unit dwelling. The construction required included certain terrazzo floors and tiled baths, sills and wainscoting. The defendant general contractor, in turn, contracted with the plaintiff for the installation by him of the terrazzo and tile work. There was no contract between the defendant owner and the plaintiff subcontractor. The responsibility to the defendant owner for the proper terrazzo and tile installations under the construction contract rested on the defendant general contractor and it was his duty under such contract to supervise all phases of the work. The plaintiff subcontractor's responsibility was to the defendant general contractor.

The terrazzo work was substantially completed. The defendant owner had expressed the apprehension, at the inception of the terrazzo installation and during its progress, that the terrazzo was not the color she had chosen. Nevertheless, the work progressed to virtual completion without any complaint of faulty color having been made by the defendant general contractor to the plaintiff subcontractor. Not until "approximately a week after the terrazzo had been put down" did the defendant general contractor advise the plaintiff of the former's dissatisfaction with the color. At that time the defendant general contractor advised the plaintiff that the terrazzo installation was unacceptable "inasmuch as it was unacceptable to the owner." Had the defendant owner insisted, as she had the right to do, on adequate supervision by the general contractor and on his complete responsibility for proper installations, and had he exercised such supervision and assumed such responsibility, the terrazzo installation could and should have been arrested in its inception and the color corrected before the plaintiff had supplied the materials and labor which went into the construction.

For the reasons stated, and for others which the testimony reveals, it would be violative of my conscience to deny the plaintiff the relief he seeks. It is my opinion that, in the circumstances disclosed by the evidence, the equities of the cause are with him and that he has, and is entitled to the enforcement of, a lien on the real property involved in the suit to secure the payment to him of the sum of $682.92 (the value of the materials and labor supplied by the plaintiff which went into the construction of the dwelling on such property), together with interest on such sum at the legal rate from November 19, 1952.

The costs of the suit will be taxed against the defendants.

It may be necessary to have additional evidence introduced for the purpose of supplying an accurate description of the real property involved, which is described in the complaint merely as "the property described as 1440 N. W. 13th Terrace, Miami, Florida." In the interest of justice I will reopen the case and allow the introduction of such evidence; but I suggest that, to obviate such further proceedings, counsel stipulate as to the accurate legal description of the real property involved. If such stipulation shall be entered into and filed, counsel for the plaintiff will please submit to me for my signature a final decree which shall be in accordance with the views and findings herein expressed.